1  **SHEPPARD MULLIN RICHTER & HAMPTON LLP**
   THOMAS R. KAUFMAN (State Bar No. 177936)
2  tkaufman@sheppardmullin.com
   KATHRYN A. VISOSKY (State Bar No. 246438)
3  kvisosky@sheppardmullin.com
   1901 Avenue of the Stars, Suite 1600
4  Los Angeles, California 90067
5  Telephone: (310) 228-3700/Facsimile: (310) 228-3701
   Attorneys for Defendant
6  KAISER FOUNDATION HOSPITALS

7  **BLUMENTHAL, NORDREHAUG & BHOWMIK**
   Norman B. Blumenthal (State Bar No. 068687)
8  norm@bamlawlj.com
9  Kyle R. Nordrehaug (State Bar No. 205975)
   kyle@bamlawlj.com
10 2255 Calle Clara
11 La Jolla, California 92037
   Telephone: (858) 551-1223/Facsimile: (858) 551-1232
12 Website: www.bamlawca.com
   Attorneys for Plaintiff
13 SHANNON YAM

14
15                    **UNITED STATES DISTRICT COURT**
16                    **NORTHERN DISTRICT OF CALIFORNIA**
17

| | |
|---|---|
| 18  SHANNON YAM, an individual, on behalf of herself, and on behalf of all persons similarly situated, | Case No. 4:10-cv-05225-SBA |
| 19 | |
| 20              Plaintiff, | **ORDER (1)APPOINTING CLASS COUNSEL; (2) APPROVING CLASS NOTICE PROGRAM; (3) PRELIMINARILY APPROVING SETTLEMENT; AND, (4) PRELIMINARILY CERTIFYING CLASS FOR SETTLEMENT PURPOSES** |
| 21      v. | |
| 22  KAISER FOUNDATION HOSPITALS, INC., a California Corporation; and DOES 1 to 10, | |
| 23 | |
| 24              Defendants. | |
| 25 | Judge:   Hon. Saundra Brown Armstrong |
| 26 | Courtroom:   1, Oakland |

27
28

[PROPOSED] PRELIMINARY APPROVAL ORDER
                                                       Case No. 4:10-cv-05225

WHEREAS, the Court has reviewed the Stipulation of Class Settlement and Release ("Settlement Agreement") that has been entered by and between Plaintiff Shannon Yam ("Plaintiff") and Defendant Kaiser Foundation Hospitals ("Kaiser" or "Defendant") on December 14, 2010,

**IT IS HEREBY ORDERED as follows:**

1. For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement attached to the Declaration of Blumenthal as Exhibit 1, which Settlement Agreement is incorporated by reference herein.

<u>Conditional Certification of Settlement Class</u>

2. The Court provisionally certifies for settlement purposes only the Settlement Class defined as: "All individuals who, at any time between February 10, 2006 and October 1, 2010, worked for Kaiser Foundation Hospitals in California in the position of Desktop Support Lead." In provisionally certifying the class for settlement purposes, the Court finds that all of the requirements for class certification as set forth in Fed. R. Civ. P. 23 are satisfied based upon the allegations of the complaint and the evidence provided to the Court, subject to further consideration at the Final Approval Hearing after distribution of notice to the members of the settlement class as set forth below. In the event the proposed settlement is not consummated for any reason, the conditional certification set forth in this paragraph shall be of no further force or effect. For purposes of settlement only, the Court conditionally certifies the above Settlement Class and finds that the prerequisites to certification under Rule 23 of the Federal Rules of Civil Procedure as satisfied as follows:

    a. **Numerosity.** According to the Parties, the Settlement Class is comprised of approximately 117 Settlement Class Members. This number is sufficient to make joinder impracticable. The Court finds that the number of Settlement Class Members satisfies the numerosity requirement for settlement purposes only.

[PROPOSED] PRELIMINARY APPROVAL ORDER

Case No. 4:10-cv-05225

b. **Commonality.** The Court finds for settlement purposes only that commonality exists for the Settlement Class because the core question of whether the employees were properly classified as "exempt" employees is common to the class.

c. **Typicality**. Plaintiff contends that the typicality requirement is met because Plaintiff, like every other Settlement Class Member, was employed by Defendant as a Desktop Support Lead and was classified as an "exempt" employee. Plaintiff, like the other class members, claim unpaid overtime wages for work performed in the same job classifications. The claims of both the named Plaintiff and the other Class members arise from the same course of conduct by Defendant. Accordingly, the Court finds for settlement purposes only that Plaintiffs' claims are typical of the class claims.

d. **Adequate Representation**. The Court finds for settlement purposes only that the named plaintiff, Shannon Yam, has and will fairly and adequately protect the interests of the Settlement Class, as required under Rule 23(a)(4), and does not have any conflicts of interest with the absent class members, and accordingly finds that they are suitable class representatives. Additionally, after reviewing the qualifications of the applicants for appointment of class counsel, Blumenthal, Nordrehaug & Bhowmik, the Court finds that counsel satisfy the adequacy requirements of Rule 23(g)(1) and (4).

e. **Predominance**. All Settlement Class Members were employed in the listed job position, and each was classified and treated as an exempt employee. Plaintiff contends that Defendant engaged in a "uniform course of conduct" with respect to the class, such that any liability could be established on a class-wide basis. Other courts presiding over overtime pay litigation have found that common questions of law and fact predominate over individual issues. See, e.g., *Breeden v. Benchmark Lending Group, Inc.*, 229 F.R.D. 623, 630 (N.D. Cal.

[PROPOSED] PRELIMINARY APPROVAL ORDER

Case No. 4:10-cv-05225

2005). The Court finds that common questions of law and fact predominate over individual questions in this action.

  f. **Superiority**. The court also finds for settlement purposes only that the Settlement Class satisfies the superiority requirement of Rule 23(b)(3) because a class settlement would enable Settlement Class Members' collectively to resolve their common claims.

Appointment of Class Counsel

  3. The Court concludes that the law firms of Blumenthal, Nordrehaug & Bhowmik and Norman B. Blumenthal, Kyle Nordrehaug and Aparajit Bhowmik of that firm, have fairly and adequately represented the interests of the class, will continue to do so and therefore pursuant to Federal Rule of Civil Procedure 23(g)(1), are hereby appointed class counsel for purposes of representing the Settlement Class conditionally certified in this Order.

Preliminary Approval of Settlement

  4. The Court preliminarily approves the provisions of the Settlement Agreement as being fair, just, reasonable and adequate to the members of the Settlement Class, subject to further consideration at the Final Approval Hearing after distribution of notice to the members of the Settlement Class as provided in paragraph 5 of this Order. The Court will also review whether the settlement terms as to the proposed attorneys' fees and proposed service award to the named Plaintiff are fair and reasonable at the time of final approval.

Notice to Class Members

  5. Within 20 calendar days of the entry of this Order, a Notice of Pendency of Class Action ("Notice"), in the form attached to the Settlement Agreement as Exhibit A, with the Claim Form in the form attached to the Settlement Agreement as Exhibit B, and the Request for Exclusion Form attached to the Settlement Agreement as Exhibit C, shall be sent by the Claims Administrator to all members of the Settlement Class defined above in accordance with the Settlement Agreement.

6.     The Court concludes that the Notice to be provided as set forth in this Order constitutes the best means practicable of providing notice under the circumstances and meets the requirements of Fed. R. Civ. P. 23 and due process under the United States Constitution and any other applicable law, and when completed shall constitute sufficient notice of the settlement, the Final Approval Hearing, and the right to be excluded from the settlement to all persons entitled to participate in the settlement in accordance with Fed. R. Civ. P. 23(c)(2)(B) and 23(e)(1)(B).

7.     Any member of the class who desires to opt out of this class action must postmark his or her notification of such intent, pursuant to instructions in the Notice, no later than forty-five (45) days from the date of mailing the Notice.  As stated in the Settlement Agreement and in the Class Notice, the settlement process will be administered by Gilardi & Co., a company that provides settlement and claims administration services.  Except to state an intention to appear that the Final Approval Hearing or to comment on, object to or support the proposed settlement, no members of the Settlement Class should submit any documents to the Court.

The Final Approval Hearing

8.     The Final Approval Hearing is hereby scheduled to be held before this Court on November 8, 2011, at 1:00 p.m. in courtroom 1  to consider the fairness, reasonableness, and adequacy of the proposed settlement, Plaintiff's request for the award of attorneys' fees and costs, the dismissal with prejudice of the class action with respect to Defendant, and the entry of the final judgment in this action.  The Court orders that the date and time of the Final Approval Hearing shall be set forth in the Notice to be mailed to members of the Settlement Class.

9.     Within 20 calendar days of the entry of this Order, Class Counsel shall file the application for an award of attorney's fees and litigation costs, which shall be heard at the Final Approval Hearing.  All papers supporting final approval of the Settlement Agreement shall be filed with the Clerk of the Court and served upon Class Counsel and

[PROPOSED] PRELIMINARY APPROVAL ORDER

Case No.  4:10-cv-05225

1  Defendant's counsel by October 18, 2011 (No later than 21 calendar days before the Final
2  Approval Hearing).
3      10.   Any Class Member may, but need not, submit comments or objections to
4  the Settlement.  All such comments and/or objections must be in writing and must be
5  filed with the Clerk of the Court and served upon class counsel and Defendant's counsel
6  no later than August 19, 2011 (forty-five (45) days from the date of mailing the Notice).
7      11.   Any member of the Settlement Class who might object to the proposed
8  settlement or the requested award of attorney's fees and litigation costs shall have a right
9  to appear (through his or her own attorney or without an attorney) and be heard at the
10 Final Approval Hearing.  Class Members wishing to be heard at the Final Approval
11 Hearing must file written comments or objections in accordance with the above
12 paragraph and must indicate in such comments/objections that the Class Member intends
13 to appear at the hearing.
14     12.   The Court may, for good cause, extend any of the deadlines set forth in this
15 Order without further notice to members of the Settlement Class.  The Court also may
16 adjourn or continue the Final Approval Hearing without further notice to members of the
17 settlement class.

Notice to Governmental Agencies

19     13.   Within ten (10) days after entry of this Order, Defendant shall serve upon
20 the appropriate state official of each state in which a Class Member resides and the
21 appropriate federal official, a notice of the proposed settlement consisting of the
22 documents and information, as is required by 28 U.S.C. section 1715(b), consisting of (1)
23 a copy of the complaint and any materials filed with the complaint and any amended
24 complaints, (2) notice of any scheduled judicial hearing in the class action, (3) the
25 proposed notification to class members of exclusion rights and the proposed settlement,
26 (4) the proposed class action settlement, (5) any settlement or other agreement
27 contemporaneously made between the Parties' attorneys, (6) any final judgment or notice
28 of dismissal, (7) the names of class members who reside in each state and the estimated

[PROPOSED] PRELIMINARY APPROVAL ORDER
Case No.  4:10-cv-05225

1  proportionate share of the claims of such members to the entire settlement to that state's
2  appropriate official (if feasible), or a reasonable estimate of the number of class members
3  residing in each state and the estimated proportionate share of the claims of such
4  members to the entire settlement, and (8) any written judicial opinion relating to the
5  materials described in items (1) through (7).

6  **IT IS SO ORDERED**.

7  Dated: 6/20/11_____

8  _____
   Hon. Saundra B. Armstrong
   United States District Court Judge