**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
THOMAS R. KAUFMAN (State Bar No. 177936)
tkaufman@sheppardmullin.com
KATHRYN A. VISOSKY (State Bar No. 246438)
kvisosky@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067
Telephone: (310) 228-3700/Facsimile: (310) 228-3701
Attorneys for Defendant
KAISER FOUNDATION HOSPITALS

**BLUMENTHAL, NORDREHAUG & BHOWMIK**
Norman B. Blumenthal (State Bar No. 068687)
norm@bamlawlj.com
Kyle R. Nordrehaug (State Bar No. 205975)
kyle@bamlawlj.com
2255 Calle Clara
La Jolla, California 92037
Telephone: (858) 551-1223/Facsimile: (858) 551-1232
Website: www.bamlawca.com
Attorneys for Plaintiff
SHANNON YAM

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON YAM, an individual, on behalf of herself, and on behalf of all persons similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>KAISER FOUNDATION HOSPITALS, INC., a California Corporation; and DOES 1 to 10,<br><br>        Defendants. | Case No. 4:10-cv-05225-SBA<br><br>**[PROPOSED] ORDER APPROVING CLASS SETTLEMENT AND DISMISSING THE CLASS ACTION WITH PREJUDICE**<br><br>Date:  November 8, 2011<br>Time:  1:00 p.m.<br>Courtroom:   1, Oakland |

[PROPOSED] FINAL APPROVAL ORDER
                                             Case No.  4:10-cv-05225

1  This matter having come before the Court for hearing, pursuant to the order of this
2  Court dated June 21, 2011 [Doc. No. 12], on the application of the Plaintiff for final
3  approval of the settlement set forth in the Stipulation of Class Settlement and Release
4  ("Settlement Agreement") and for consideration of the award of attorneys' fees and costs.
5  Due and adequate notice having been given to the Settlement Class as required in said
6  order, and the Court having considered all papers filed and proceedings conducted in this
7  action and otherwise being fully informed and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement.

2. For purposes of the Action, the Court has subject matter and personal jurisdiction over the Parties, including all Settlement Class Members.

3. Pursuant to Federal Rules of Civil Procedure, rule 23 and due process, the Court hereby finally approves the settlement set forth in the Settlement Agreement and finds that such settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. The Court further finds that the Agreement and settlement set forth therein were entered into in good faith following arms length negotiations and is non-collusive.

4. The Settlement Class consists of the following:

> "All individuals who, at any time between February 10, 2006 and October 1, 2010, worked for Kaiser Foundation Hospitals in California in the position of Desktop Support Lead."

5. Excluded from the settlement are those persons who have submitted valid and timely requests for exclusion. Every person in the Settlement Class who did not opt out is a Settlement Class Member.

6. With respect to the Settlement Class Members, the Court finds and concludes that: (a) the Settlement Class Members are so numerous that joinder of all

[PROPOSED] FINAL APPROVAL ORDER

Case No.  CV 10-1049 VBF

1 Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class Members that predominate over any individual questions; (c) the claims of the Plaintiff are typical of the claims of the Settlement Class Members; (d) Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

7. This action is hereby dismissed with prejudice as to Plaintiff and all Settlement Class Members.  Upon approval of the settlement and entry of this Order, Plaintiff and each Settlement Class Member shall be deemed to have, and by operation of this Order, shall have fully and finally released any and all Released Claims as to the Released Parties.

8. The Court finds that the Notice provided to the Settlement Class Members were the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, and that the Notice fully satisfies the requirements of the Federal Rules of Civil Procedure, rule 23, due process and any other applicable laws.

9. Any order regarding the application for Class Counsel's attorneys' fees and litigation costs or Plaintiff's enhancement award fee shall in no way disturb or affect this Order and shall be considered separate from this Order.

10. The Court hereby grants Plaintiffs' Motion for Attorneys' Fees and Litigation Expenses and awards Class Counsel $~~275,000~~ $265,000 in attorneys' fees representing ~~26~~ approximately 24.09% of the Gross Fund Value.

11. The Court finds that the amount of fees requested is fair and reasonable using the "percentage-of-recovery" method, which is consistent with the other wage and hour litigation settlements in the 9th Circuit. The attorneys' fees requested were entirely contingent upon success.  Class Counsel risked time and effort and advanced costs and expenses, with no ultimate guarantee of compensation.  There have been no objections to the requested award.  The award also compares favorably to Class Counsel's lodestar in the case, which is documented to be in excess of $150,000.

1    12.  Class Counsel are also awarded reimbursement of litigation costs and
2 expenses in the amount of $15,000.
3    13.  The attorneys' fees awarded and the amount in reimbursement of litigation
4 expenses shall be paid from the Gross Fund Value in accordance with the Settlement
5 Agreement.
6    14.  The Court awards a reasonable enhancement award in the amount of
7 $15,000, payable to the Class Representative Shannon Yam from the Gross Fund Value.
8    15.  Without affecting the finality of this Judgment and Order in any way,
9 this Court hereby orders continuing jurisdiction by a Magistrate Judge over, <u>inter</u> <u>alia</u>:
10 (a) interpretation, implementation and enforcement of the settlement and the payments to
11 be made under the settlement; (b) the hearing and determination of applications for Class
12 Counsel's attorneys' fees and costs and Plaintiff's enhancement award; and (c) the
13 enforcement and administration of the Settlement Agreement.
14 **IT IS SO ORDERED.**

16 Dated: November 8, 2011

*[signature: Saundra B Armstrong]*
SAUNDRA BROWN ARMSTRONG
United States District Judge

[PROPOSED] FINAL APPROVAL ORDER

Case No. CV 10-1049 VBF